FREDERICK SIEBERT, ETC., Respondent, v. SPORTSMAN'S PARK & CLUB et al., Appellants.

St. Louis Court of Appeals, November 9, 1897.

New Trial. The circuit court did not err in refusing to grant a new trial, because the appellant was not represented at the trial, in one division of the court to which the case had been transferred on a change of venue from another division, by reason of an assurance of the judge of the other division, in which the case was originally set, that it would be reset, and would not be tried on the day it appeared on the regular calendar.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

*William A. Kinnerk* for appellant.

Where, upon inspection of the whole record, the appellate court is satisfied that material error has been committed, it will reverse the action of the trial court, although the error complained of was not referred to in the proceedings below, either by motion for new trial, in arrest, or in the bill of exceptions. *State v. Marshall,* 36 Mo. 400; *Bateman v. Clark,* 37 *Id.* 31; *State v. Watson,* 38 *Id.* 489; *Ansell v. Cape Girardeau,* 43 *Id.* 81; *R. R. v. Mahoney,* 46 *Id.* 467; *Pope v. Salsman,* 35 *Id.* 462; *Sweet v. Maupin,* 65 *Id.*, and citations;

*Bagby v. Emerson,* 79 *Id.* 139; *McEntire v. McEntire,* 80 *Id.* 470, and citations; *Peltz v. Eichle,* 62 *Id.* 171, *R. R. v. Carlyle,* 94 *Id.* 166; *Green v. Walker,* 99 *Id.* 68; *Bevin v. Powell,* 11 Mo. App. 216, and citations; 83 Mo. 366; *In re Gardner,* 41 Mo. App. 589; *Hubbard v. Quisenberry,* 32 *Id.* 459.

Rulings on applications for a continuance address themselves to the discretion of the court, and this discretion will not be intefered with unless it has been abused. *State v. Bird,* 22 Mo. 470; *State v. Lewis,* 74 *Id.* 223.

*C. A. Smith* and *C. L. Mott* for respondent.

This court can not pass upon the alleged error of division number 1 in overruling the application for a continuance. The error, if any, was not excepted to at the time, or made part of the record by any bill of exceptions tendered and filed in that court. *Keen v. Schnedler,* 92 Mo. 516–525; *State v. Ware,* 69 *Id.* 332; *State v. Gamble,* 119 *Id.* 427.

Division number 6 committed no error in overruling the motions for new trial and in arrest. *Haehl v. R'y,* 119 Mo. 337; *Sahlein v. Gum,* 54 Mo. App. 316.

The alleged error of division number 1, even if it had been preserved in the record, was not called to the attention of division number 6 in the original motion for a new trial. *State v. Jewell,* 90 Mo. 457; *State v. Stephenson,* 93 *Id.* 91.

BIGGS, J.—The plaintiff sues in this action for the value of certain materials which he sold and delivered to the Sportsman's Park and Club (a corporation), to be used by it in the construction of an improvement on certain leasehold premises, and he also sought to enforce a mechanic's lien against the building and the leasehold. The land belonged to the estate of Jemima

Lindell, deceased, and the Sportsman's Park and Club occupied it under a fifteen year lease. The executor of Mrs. Lindell was made a party defendant. The answer of both defendants was a general denial. The cause was assigned to division number 1 of the circuit court. It was docketed for trial on March 2, 1897. On that day a change of venue was awarded to division number 6 of the circuit court. The application for the change was made by the defendant corporation. On the fourth of the month the case was tried in division number 6. It is stated in the bill of exceptions that no one appeared for the Sportsman's Park and Club, but the judgment entry recites that all parties appeared to the action. The trial resulted in a judgment in favor of plaintiff for the debt, but the finding was against him as to the lien. The Sportsman's Park and Club alone has appealed.

It is argued that the circuit court committed error in refusing to grant a new trial because the appellant was unrepresented at the trial, by reason of a promise or assurance of the judge presiding over division number 1, that the case would be reset and would not be tried on the day it appeared on the regular calendar. In support of the motion for new trial the appellant filed affidavits which set forth in substance that in the latter part of February, 1897, the attorney for appellant made an application for a continuance to the judge of division number 1, where the cause was then pending; that the reasons assigned for the continuance were that the president of the appellant was an important and material witness, that at the time the case was set for trial he was compelled to be absent from the city on other important business, and that it was not practicable to take his deposition; and that the attorney to whom appellant had entrusted the defense of the case, was also compelled to be

*New trial.*

absent on the same business; that the continuance was refused, but the judge assured the attorney that under the circumstances the case would not be tried during their absence; that when the case was reached on the call, the attorney for the executor called the attention of the judge to the promise made by him to reset the case; that no attention was given to the suggestion, and that thereupon another attorney who represented the appellant filed the application for a change of venue. Under these facts it is claimed that the trial judge ought to have awarded a new trial.

If appellant had appeared in division number 6, and had applied for a postponement of the case for the reasons stated, and the court had declined to do so, then appellant would have been in a position to complain. As it is, it remained silent, allowed the time of the court to be consumed in a trial, and at its conclusion urged that the case be reopened because the judge of division number 1 had disregarded his promise to reset the case. This conduct on the part of appellant is sufficient of itself to justify us in affirming the judgment, without considering the many technical objections that could be urged against the defendants' contention. With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.